## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNETH DARITY,

       Petitioner,

v.                                 Case No. 8:03-CV-1829-T-30MAP

JAMES MCDONOUGH[1],

       Respondent.

_____/

# **ORDER**

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his two convictions for sexual battery (Dkt. #6, Ex. 20, Vol. I, p. 62). Petitioner's Section 2254 petition was denied (Dkt. #16) and Petitioner appealed. The United States Court of Appeals for the Eleventh Circuit issued a certificate of appealability[2] (Dkt. #25). The Eleventh Circuit found that Petitioner had exhausted his state remedies as to his claims of ineffective assistance of trial

---

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the party respondent. Fed. R. Civ. P. 25(d)

[2] The Eleventh Circuit granted a certificate of appealability on the following issue:

Whether the district court erred in finding that appellant procedurally defaulted all of his claims of ineffective assistance of trial counsel where appellant raised the claims under federal law in his Fla.R.Crim.P. 3.850 motion and asserted in his appellate brief of the denial of that motion that he was raising the same claims on appeal as in his Fla.R.Crim.P. 3.850 motion.

(Dkt. #25).

counsel[3] prior to filing his federal habeas petition and that these claims were not procedurally barred. Consequently, the case was remanded for consideration on the merits of Petitioner's claims of ineffective assistance of trial counsel.[4]

## Standard of Review

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

---

[3] Petitioner presented these claims as grounds one through five of his federal habeas petition. (Dkt. #1). These five claims were denied (Dkt. #27, pp. 11-17) as procedurally barred because Petitioner "failed to properly identify them as issues of federal law in his appellate brief before the state appellate court considering his Fla.R.Crim.P. 3.850 motion." (Dkt. #27, p. 3). Petitioner also raised four claims of ineffective assistance of appellate counsel in his federal habeas petition. These four claims were denied on the merits. The Eleventh Circuit's remand applies only to Petitioner's claims of ineffective assistance of trial counsel.

[4] Specifically, the Eleventh Circuit found, in part, as follows:

[W]e find that the district court erred in determining that Darity's claims of ineffective assistance of trial counsel were procedurally barred. The district court found that Darity had failed to exhaust because, while he had fairly presented these claims in his original state post[-]conviction motion under Rule 3.850, he had not fairly presented them as federal claims in his appellate brief. However, the state trial court summarily denied Darity's Rule 3.850 motion without an evidentiary hearing. Florida Rule of Appellate Procedure 9.141(b)(2)(C) provides that, in an appeal from the summary denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral argument shall be required." Fla.R.App.P. 9.141(b)(2)(C). As such, a petitioner who does file a brief in an appeal of the summary denial of a Rule 3.850 motion does not waive any issues not addressed in the brief. See Webb v. State, 757 So.2d 608, 609 (Fla. Dist. Ct. App. 2000) (holding that a claim in a Rule 3.850 motion had not been waived by the appellant's failure to argue it in his initial brief because the motion had been denied without an evidentiary hearing). Therefore, regardless of whether or how Darity identified his claims to the state appellate court, he did exhaust his state remedies prior to filing the instant § 2254 petition, and these claims are no procedurally barred.

We express no opinion on the merits of Darity's petition, and vacate and remand to allow the district court to address in the first instance the merits of Darity's claims of ineffective assistance of trial counsel.

(Dkt. #27, pp. 4-5 ).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Brown v. Head*, 272 F.3d 1308, 1313

(11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Petitioner has the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). Petitioner's petition is subject to the provisions of the AEDPA because his conviction was entered after the AEDPA was enacted.  Consequently, a presumption of correctness attaches to the finding of fact in the trial court's rejection (Dkt. #6, Exs. 9, 11) of Petitioner's post-conviction claims of ineffective assistance of trial counsel.

### Discussion

Petitioner's federal habeas petition presents five claims of ineffective assistance of trial counsel:

(1)     counsel failed to call Ron Bell as a witness at trial;

(2)     counsel failed to impeach witness Janette Saurbier;

(3)     counsel failed to impeach witness David Huff;

(4)     counsel failed to impeach the victim with her inconsistent statements; and

(5)     counsel failed to impeach witness Detective Mariam Schmidt.

(Dkt. #1, pp. 3-39).  Petitioner presented each of these claims to the trial court in his Rule 3.850 motion (Dkt. #6, Ex. 5).  Petitioner appealed the denial of his Rule 3.850 motion and the state appellate court affirmed in a *per curiam* decision without written opinion (Dkt. #6, Ex. 13).  *See Darity v. State,* 853 So.2d 416 (Fla. 2d DCA 2003) (table decision).  Petitioner's subsequent motion for rehearing (Dkt. #6, Ex. 14) was denied (Dkt. #6, Ex. 15).

Petitioner claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  According to *Strickland*, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When

applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v.*

*Washington*,  466 U.S. at 690-91.  Petitioner cannot meet his burden by showing only that counsel chose an ineffective course:

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

**Ground One**

Petitioner alleges that his trial attorney rendered ineffective assistance by failing to call Ron Bell ("Bell") as a witness at trial.  Petitioner contends that the victim gave inconsistent statements regarding her drug use.  Petitioner alleges that Bell, Chief Toxicologist for Pinellas/Pasco County,  should have been called to testify about the effects of cocaine use and that Bell's testimony would have impeached the victim's testimony about her drug use at the time of the offense.  The state court denied this post-conviction claim as follows:

Overall, Defendant raises the claim of ineffective assistance of counsel. To successfully argue a claim of ineffective assistance of counsel, Defendant must prove that counsel's performance was deficient and that deficiency caused Defendant to suffer prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the prejudice test, Defendant must show that a reasonable probability exists that the outcome of the proceeding would have been different absent the ineffective assistance. *See id.; Haliburton v. Singletary*, 691 So.2d 466 (Fla. 1997).

. . .

Defendant claims that counsel was ineffective by failing to call Ron Bell, Chief Toxicologist for Pinellas/Pasco County, as a witness to impeach the victim's testimony regarding her cocaine usage. The record reveals that Mr. Bell's testimony was proffered during the motion in limine hearing and the attorneys presented their respective arguments. During the trial, the Court allowed testimony to be introduced on this point. The record reveals that Mr. Bell was not called as a witness.

The State argues Mr. Bell would not have been able to impeach Defendant's testimony since it takes approximately 72 hours for the body to dispose of cocaine and this would not have proven the victim did use cocaine on the day of the offense.

The Court finds that Mr. Bell could not offer testimony regarding exactly when the victim would have used cocaine. As such, he would not have been able to conclusively impeach the victim's testimony. The Court finds that Defendant has not proven that counsel's performance was deficient or that if this testimony was presented the trial's outcome would have been different. Based on the foregoing reasons, the motion is denied.

(Dkt. #6, Ex. 11, pp. 1-2) (court's citations to exhibits omitted).

Under Florida law, "the failure to call witnesses can constitute ineffective assistance

of counsel if the witness may have been able to cast doubt on the defendant's guilt, and the

defendant states in his [post-conviction] motion the witnesses' names and the substance of

their testimony, and explains how the omission prejudiced the outcome of the trial." *Marrow*

*v. State*, 715 So.2d 1075 (Fla. 1st DCA 1998). "Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (citations omitted).[5] Tactical decisions within the range of reasonable professional competence are not subject to collateral attack unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). The reasonableness of counsel's challenged conduct on the facts of the case viewed as of the time of counsel's conduct decides an ineffectiveness claim. *Strickland v. Washington*, 466 U.S. at 690.

Petitioner speculatively asserts that Bell's testimony would have alerted the jury to "relevant and important facts bearing on [the] trustworthiness of [the] alleged victim's critical testimony" (Dkt. #1, p. 3). Specifically, Petitioner alleges that Bell "could have enlighten[ed] the jury [of the] length of time one could expect marijuana and cocaine to be found in a person[']s system" (Dkt. #1, p. 4). Even if counsel had called Bell as a witness, no evidence shows that Bell would have testified as Petitioner hypothesizes. Petitioner fails to demonstrate that counsel's performance was outside the bounds of reasonable professional judgment. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision"); *Chandler v.*

---

[5] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*), *cert. denied*, 531 U.S. 1204 (2001) (counsel cannot be deemed incompetent for performing in a particular way in a case as long as the approach taken "might be considered sound trial strategy") (*quoting Darden v. Wainwright*, 477 U.S. 168 (1986)).  Consequently, Petitioner fails to establish that the trial court's denying this claim was either contrary to or an unreasonable application of *Strickland* or resulted in a decision that is based on an unreasonable determination of the facts.

**Ground Two**

Petitioner alleges that his trial attorney rendered ineffective assistance by failing to impeach witness Janette Saurbier ("Saurbier") with her prior inconsistent statements about whether or not she accompanied her boyfriend to the victim's apartment, and the time and location where she encountered the victim.  Specifically, Petitioner points to statements Saurbier uttered in various pre-trial proceedings and during trial about the time that she arrived at the victim's residence.[6]  The state court denied this post-conviction claim as follows:

> Overall, Defendant raises the claim of ineffective assistance of counsel.  To successfully argue a claim of ineffective assistance of counsel, Defendant must prove that counsel's performance was deficient and that deficiency caused Defendant to suffer prejudice.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  To satisfy the prejudice test, Defendant must show that a reasonable probability exists that the outcome of the proceeding would have been different absent the ineffective assistance.  *See id.; Haliburton v. Singletary*, 691 So.2d 466 (Fla. 1997).

---

[6] Petitioner filed an appendix of exhibits with his federal habeas petition (Dkt. #1).  Petitioner refers to various portions of Saurbier's deposition to support the claim presented in ground two.  However, Petitioner failed to attach a cover page to any of the excerpts of the depositions in the appendix.  Consequently, there is no indication who the deponent is in the cited portions of the depositions.

. . .

> Defendant contends that counsel was ineffective for failing to impeach witness Janette Saurbier.  However, the record reflects that counsel did conduct a cross-examination of this witness, including questioning her on the time she arrived at the apartment and other inconsistencies in her statements.  The Court finds the record conclusively refutes Defendant's allegation and it is denied.

(Dkt. #6, Ex. 9, pp. 2, 3-4) (court's citations to exhibits omitted).  The record supports the state trial court's finding.

At trial, defense counsel questioned Saurbier about her inconsistent statements, in relevant part, as follows:

> DEFENSE COUNSEL:  So, you exit your car, you come around the side and you walk up to where the stairs are at?
>
> SAURBIER:  Yes, sir.
>
> DEFENSE COUNSEL:  Okay.  And then you walk up the stairs and go up to [the victim's] apartment?
>
> SAURBIER:  Yes, sir.
>
> DEFENSE COUNSEL:  Correct. Okay. Now, you indicated you hung the bag of food on the door knob?
>
> SAURBIER:  Yes, sir.
>
> DEFENSE COUNSEL: Okay.  Did you then take it with you to go back home?
>
> SAURBIER:  No, sir.  I was leaving it on the door.  I was debating on that while I was waiting for her to answer, but I did leave it hanging on the door knob.
>
> DEFENSE COUNSEL:  Earlier you testified that while you were on the stairs when you came down you handed her the bag of food?

SAURBIER:  I walked up the stairs when I heard her come out the door.  I believe I took it off the door knob and handed it to her if she was in the entrance of the doorway.

DEFENSE COUNSEL:  Okay.  Now, is it possible that when you arrived this time when you brought the food over that you arrive[d] between 12:30 a.m. and 1:00 a.m.?

SAURBIER:  It's possible.  I know I went home for awhile.  It's possible it was that late.  It didn't seem that late to me, but it probably could have been.

DEFENSE COUNSEL:  Okay.  You might have told the police officer that?

SAURBIER:  I don't recall what time I told him honestly.

. . .

DEFENSE COUNSEL:  Now, you've testified also that you went over the first time to [the victim] with a bag of food and I believe you just testified again that you went back with your boyfriend, Damon?

SAURBIER:  Yes, sir, I did.

DEFENSE COUNSEL:  Do you recall having your deposition taken on January 22nd of 1998?

SAURBIER:  Yes, sir, I do.

DEFENSE COUNSEL:  By Violet Asaid, actually, at that time.  Do you recall that?

SAURBIER:  Yes, sir, I do.

DEFENSE COUNSEL:  And you gave your sworn testimony?

SAURBIER:  Yes, sir.

DEFENSE COUNSEL:  Okay.  And do you recall - - I'm going to refer - -

. . .

DEFENSE COUNSEL:  Did you in that deposition state that you sent your boyfriend back by himself?

SAURBIER:  Yes, I did.  I made an error.  I definitely did.

DEFENSE COUNSEL:   And did you state that on at least two different occasions?

SAURBIER:  I note I stated it in my deposition.  I don't know how much time it was stated there.  But, yes, I did state that.

DEFENSE COUNSEL:  You specifically said so, I sent my boyfriend at that time back over to check on her?

SAURBIER:  Yes, sir.

DEFENSE COUNSEL:  And the question then about two or three pages later -

PROSECUTOR:  Judge, it's been acknowledged already.

DEFENSE COUNSEL:  And your answer was by himself?

PROSECUTOR:  I would ask for a ruling, sir.

THE COURT:  We've already heard the question and the answer.  She's agreed that's what she said.

DEFENSE COUNSEL:  Okay.

DEFENSE COUNSEL:  And now you're changing that story?

SAURBIER:  Yes, sir.  I did tell the other attorneys that I realized after that deposition that I had made an error.  I think I was so upset at that point that I know I sent him up the stairs.  I think I was confusing the fact that I sent him up the stairs to get her alone.  I was thinking that I hadn't ridden in the car.  I think that I was just so kind of traumatized by the whole thing that when the deposition came up I did make an error.  Yes, sir.  But I did  - -

DEFENSE COUNSEL:  I don't mean to cut you off.  In January of 1998 you were still traumatized and confused and upset?

> SAURBIER:  No, sir.  At this time I wasn't traumatized, but I believe my memory from the original time was traumatized.  I didn't remember clearly which I know now that was an error.  I did make a mistake in that statement.

(Dkt. #6, Ex. 20, Vol. III, pp. 324-25, 332-34).

Contrary to Petitioner's allegation, defense counsel did impeach Saurbier with her prior inconsistent statements.[7]  Petitioner fails to articulate any further action he believes that counsel should have taken while cross-examining Saurbier, nor does he demonstrate or even contend that the jury would have acquitted him absent counsel's alleged deficient performance.  *See Strickland v. Washington*, 466 U.S. at 694.  Petitioner fails to meet his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Ground Three**

Petitioner  alleges that his trial attorney rendered ineffective assistance by failing to impeach witness David Huff ("Huff") about the substance of a telephone conversation between Huff, the victim, and Petitioner.  Petitioner claims that during direct examination, the prosecutor questioned Huff as to his recollection of the conversation and that Huff testified that he could not say what he and Petitioner were arguing about.  Huff subsequently testified that he and Petitioner were arguing over crack cocaine.  Petitioner claims trial counsel ". . . for the benefit of the jury should have asked Mr. Huff why he felt he couldn't say what the argument was about, and who, if anybody, said he couldn't talk about it, to

---

[7] Counsel also pointed out Saurbier's inconsistent statements during closing argument (Dkt. #6, Ex. 20, Vol. V, pp. 558-59, 565).

inquire into [the] possibility of misconduct on [the] State's part as well as [a] possible offer of a deal between [the] State and [Huff] . . ." (Dkt. #1, p. 7A).  The state court denied this post-conviction claim as follows:

> Defendant alleges that counsel's performance was deficient for failing to "properly impeach State's witness David Huff."  Specifically, Defendant contends counsel erred by striking Mr. Huff's testimony regarding the substance of their argument and this testimony would have exposed the victim's untruthful statements.
>
> In context, the State inquired into the argument between Defendant and Mr. Huff.  When Mr. Huff replied that he and the Defendant "were arguing over crack cocaine," counsel sought to strike that response.  Defendant argues if Mr. Huff was allowed to explain the argument, it would have impeached the victim.
>
> As the State correctly notes, the victim did not offer testimony on the substance of the phone conversation between Mr. Huff and the Defendant; in fact, she did not remember a phone conversation between Mr. Huff and the Defendant.  Furthermore, the victim never testified regarding the substance of a phone conversation between Mr. Huff and the Defendant.  Since the victim never testified on the phone conversation, it would not have impeached the victim's testimony to permit Mr. Huff to explain the circumstances of the conversation.  Based on the foregoing reasons, the Court finds Defendant has not shown that counsel's performance was deficient.  This claim is denied.

(Dkt. #11, p. 3) (court's citations to exhibits omitted).  The record supports the state trial court's finding.

> Huff testified on direct examination, in relevant part, as follows:
>
> PROSECUTOR:  Do you recollect an occasion when you called your own residence, the apartment, and Mr. Darity was there and you got on the phone with [the victim]?
>
> HUFF:  Yes, sir.
>
> DEFENSE COUNSEL:  Objection, leading, your Honor.

THE COURT:  I'm not sure that would be leading under the circumstances, but go ahead.

PROSECUTOR: Can you relate the substance of the exchange between you, and [the victim] and you and Mr. Darity?

HUFF:  Yeah. He [sic] told me that Kenny [Darity] was telling her that I was cheating with another woman.

DEFENSE COUNSEL:  Objection.  This is hearsay.

THE COURT:  That's sustained.

PROSECUTOR:   Judge, we don't advance it for the truth.   It's only inadmissible hearsay if we advance it for the truth of the content.  And, as the Court knows, if we do not advance it for the truth of the content, whether or not it's hearsay, it's admissible.  The state is not advancing for the truth of the contact [sic].  To the contrary.  And, therefore, we argue not withstanding hearsay.  It's acceptable and admissible.

THE COURT:  All right.  I'll overrule the objection.

DEFENSE COUNSEL: Pardon?  You're going to overrule my objection?

THE COURT:  Yeah.

PROSECUTOR:  Please answer the question, sir.

HUFF:  She told me that Kenny told her that I was sleeping with a girl named Kim and we got in an argument about it.

PROSECUTOR:  When you say we, who do you mean?

HUFF:  Me and Kenny over the phone.

PROSECUTOR:  You said what?  He said what?

THE COURT:  You got in an argument with whom?

HUFF:  With Kenny on the phone.

THE COURT:  All right [sic].

PROSECUTOR:  Okay.

HUFF:  I can't really say what it was about.

PROSECUTOR:  Did you exchange words generally?

HUFF:  Yeah.

DEFENSE COUNSEL: Objection to the form of the question, Judge.  Did you exchange words generally?  I mean, we've gone from hearsay to some general format.  Judge, I don't think that's proper.

THE COURT:  Well - -

PROSECUTOR:  I'm not sure the defense states an objection.

THE COURT:  Why don't you rephrase the question.  It suggests the answer.

HUFF:  Well, we were arguing.  We were arguing over crack cocaine.

PROSECUTOR:  All right [sic].

HUFF:  I was supposed to go out and - -

PROSECUTOR: I'm not asking you about any conversation over an argument about crack cocaine.  I'm not asking about that, sir.  No further questions, sir.

THE COURT:  Cross-examination.

DEFENSE COUNSEL:   Judge, first of all, I would move whatever that response was to whatever that question was be stricken.

THE COURT:  All right [sic].  I'll grant the motion to strike.  It was an incomplete answer, but it was all right [sic].  Make a motion to strike even though it was incomplete.  So, I will ask the jury to disregard that last remark even though it was incomplete as to what he was going to say.

DEFENSE COUNSEL:  Thank you, Judge.

(Dkt. #6, Ex. 20, Vol. III, pp. 341-44).  Petitioner claims trial counsel should have questioned Huff about the nature of the argument between he and Petitioner, and inquired about the possibility of misconduct by the State and a possible plea offer between the State and Huff. Petitioner claims that if counsel had impeached Huff, the jury would have "been clear" on the content of the phone conversation.[8]

Petitioner fails to show that counsel's decision to move to strike Huff's incomplete response and counsel's questioning of Huff on cross-examination were anything other than trial strategy.  Disagreements by a defendant with counsel's tactics or strategies will not support a claim of ineffective assistance of counsel.  A habeas petitioner must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy.  *Strickland v. Washington*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[8]  The victim could not recall this telephone conversation.  The victim testified on direct examination:

PROSECUTOR:  Ma'am, was there either that day or another occasion wherein [Darity] was [at your apartment] and this would have been prior to the phone being turned off and there was a verbal exchange and it ended up with Kenneth on the phone with David [Huff] who was not home at the time?

VICTIM:  I don't remember that.

(Dkt. #6, Ex. 20, Vol. III, 238-39).

Even assuming that counsel's performance was deficient, Petitioner fails to show that counsel's actions prejudiced Petitioner such that the outcome of his trial would have been different. *Chandler v. United States*, 218 F.3d at 1314. In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because the requirements of *Strickland* remain unsatisfied. Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts.

**Ground Four**

Petitioner alleges his trial attorney rendered ineffective assistance by failing to impeach the victim with her inconsistent statements related to the time of the offense, the time Saurbier brought food to the victim, when and where the victim told Saurbier about the offense, the victim's physical location when she encountered Saurbier outside the apartment where the offense occurred, and the circumstances of the offense. Respondent argues that Petitioner's claim is procedurally barred because Petitioner presented different facts to the state court to support this claim in his Rule 3.850 motion.

Although Petitioner presented an ineffective assistance of counsel claim in his Rule 3.850 motion based upon counsel's alleged failure to impeach the victim with her inconsistent statements, the factual basis for the claim was different that the facts Petitioner presents to support the same claim in his federal habeas petition. In his Rule 3.850 motion, Petitioner alleged that the victim made inconsistent statements about who turned off the lights in the  apartment where the offense occurred and that the victim only "cried rape" after

Petitioner told her he would not get her crack cocaine (Dkt. # 6, Ex. 6, pp. 19-20).  Petitioner also argued in his Rule 3.850 motion that "[h]ad trial counsel been a competent trial counsel he would have fully impeached the victim with this and her numerous other inconsistencies" (Dkt. #6, Ex. 6, p. 20).  Petitioner failed to specifically allege that his attorney was ineffective for failing to impeach the victim with her inconsistent statements related to the time of the offense, the time Saurbier brought food to the victim, when and where the victim told Saurbier about the offense, the victim's physical location when she encountered Saurbier outside the apartment where the offense occurred, and the circumstances of the offense, the claim he now presents in his federal habeas petition.  Petitioner's general allegations of ineffective assistance are not sufficient to demonstrate that the instant claim, although similar to the claim he presented to the state courts but supported by different facts, was properly presented first to the state courts for their review.  Consequently, this claim is not exhausted for purposes of federal habeas review.

Issues presented in a federal habeas corpus petition must have been fairly presented to the state courts and exhausted prior to presentation in a Section 2254 petition.[9]  *See* 28 U.S.C. § 2254(b)(1);  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).  To exhaust a claim sufficiently, a petitioner must have presented the state court with the particular legal basis for relief in addition to the facts supporting it.  *See Diaz v. Sec'y for the*

_____

[9] Although the State did not specifically assert an exhaustion argument in its response to this claim, where the AEDPA applies, the State will not be deemed to have waived the exhaustion requirement unless the State expressly indicates its intention to waive the requirement.  *See Diaz v. Sec'y for the Dep't of Corr.*, 2006 WL 3469522 at *1 (S.D. Fla., Sept. 18, 2006); 28 U.S.C. § 2254(b)(3).

*Dep't of Corr.*, 2006 WL 3469522 at *1 (S.D. Fla., Sept. 18, 2006) (citing *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004)).  While it is not necessary that a petitioner present in the federal habeas proceeding "a verbatim restatement of the claims brought in state court," in cases involving ineffective assistance of counsel claims, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts.  *Diaz v. Sec'y for the Dep't of Corr.*, 2006 WL 3469522 at *2 (citing *McNair v. Campbell*, 416 F.3d at 1302; *Johnson v. Singletary*, 162 F.3d 630, 634-5 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992)).  Where a petitioner raises an ineffective assistance of counsel claim in state court, but alleges different supporting facts in his federal habeas proceeding, he will be deemed to have failed to fairly present the federal claim to the state court.  *Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance of counsel in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court").  A petitioner must present his claims to the state courts so that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim."  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d at 1344 (citing *Picard v. Connor*, 404 U.S. 270 (1971)).  The prohibition against raising unexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific factual contentions that might support relief.  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d at 1344.

Petitioner did not directly present the ineffective assistance of counsel claim presented in Ground Four of the instant petition to the state courts in his Rule 3.850 motion. Petitioner's generalized allegations of ineffective assistance presented in his state post-conviction motion are insufficient to demonstrate that he squarely presented the same claim with the same factual basis to the state courts. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d at 1344 ("[H]abeas petitioners cannot preserve otherwise unexhausted, specific claims of ineffective assistance merely by arguing that their lawyers were ineffective in a general and unspecified way."); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'").  However, Petitioner cannot return to state court to raise this claim because the claim would be procedurally barred. *Tafero v. State*, 561 So.2d 557 (Fla. 1990) (additional claims of ineffective assistance of counsel cannot be raised in a successive motion for post-conviction relief where ineffectiveness was raised and addressed in the first motion)); Fla. R. Crim. P. 3.850(b), (f).

Portions of a petitioner's claim that are not exhausted but would clearly be barred if returned to state court must be dismissed. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).  "An issue that was not properly presented to the state court which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review." *Cobbs v. McDonough*, 2006 WL 2092381 at *8 (M.D. Fla., July 26, 2006) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 848 (1999)).

Accordingly, this Court cannot consider Petitioner's claim unless he shows that the cause and prejudice or the fundamental miscarriage of justice exception is applicable. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. at 845-6.

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson v. Campbell*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. at 495-96; *Henderson v. Campbell*, 353 F.3d at 892. "A 'fundamental miscarriage

of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner fails to demonstrate cause and prejudice excusing his default. Petitioner has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), ground four is procedurally barred from federal review.[10]

## Ground Five

Petitioner alleges that his trial attorney rendered ineffective assistance by failing to impeach Detective Mariam Schmidt ("Schmidt"). Petitioner contends that Schmidt "bolstered [the] State's case by giving the jury the impression that Defendant was eluding police authorities . . . ." (Dkt. #1, p. 9B). Petitioner alleges that if counsel had questioned

---

[10] Even assuming, *arguendo*, that this claim were not procedurally barred, Petitioner presents no entitlement to relief. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). Petitioner fails to demonstrate that counsel's performance was outside the bounds of reasonable professional judgment. *Chandler v. United States*, 218 F.3d at 1314. Petitioner neither presents legal authority to support his allegations, nor demonstrates that, but for counsel's alleged error, the jury would have acquitted Petitioner. *See Hill*, 474 U.S. at 59. In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because it does not satisfy the requirements of *Strickland*. Petitioner fails to meet his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

Schmidt about police records reflecting the dates and times that the police attempted to locate Petitioner, the jury would have known Schmidt testified falsely and that Petitioner did not attempt to elude the police.  The state court denied this post-conviction claim as follows:

> Defendant claims that counsel was ineffective for failing to impeach Detective Schmidt's "willful false testimony."  Defendant argues Detective Schmidt falsely testified that she was unable to locate Defendant and that counsel never addressed that Defendant resided at his mother's address and that he could be located at that address.
>
> The record demonstrates the detective did testify that she was unsuccessful at locating Defendant.  However, the record also demonstrates that counsel did question Detective Schmidt on the fact that Defendant resided with his mother and he was located at that address.  Furthermore, Defendant states Mrs. Darity testified the police only visited her house on one occasion and that was to arrest the Defendant.  However, the record does not support this contention.  The Court finds the record refutes Defendant's allegation and this claim is denied.

(Dkt. #6, Ex. 9, pp. 4-5) (court's citations to exhibits omitted).  The record supports the state trial court's finding.

The following exchange occurred on cross-examination:

DEFENSE COUNSEL:  Rather than leave this hanging out there, in fact, it was a division from the Sheriff's Office that went to Mr. Darity's home and picked him up there, correct?

SCHMIDT:  From what I understand, yes.

DEFENSE COUNSEL:  And that was the home he was lived [sic] at with his mother, correct?

SCHMIDT:  I'm sorry.  I didn't understand.

DEFENSE COUNSEL:  That was the home he lived at with his mother, correct?

SCHMIDT:  I believe that's his home address.

DEFENSE COUNSEL:  Okay.  And I guess the question I don't want to leave hanging is, you never interviewed Mr. Darity, did you?

SCHMIDT:  No, I did not.

(Dkt. #6, Ex. 20, Vol. IV, pp. 365-66).  On re-cross examination, Schmidt further testified:

DEFENSE COUNSEL:  Did you ever go there [Darity's specific address] personally?

SCHMIDT:  No, I did not.

(Dkt. #6, Ex. 20, Vol. IV, pp. 367).

Petitioner presents no evidence of entitlement to relief.  See Hill v. Lockhart, 474 U.S. 52 (1985); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  The record shows that trial counsel questioned Schmidt about Darity's location and supports the state court's denying this claim.  Petitioner fails to establish that the trial court's denial was either contrary to or an unreasonable application of Strickland or resulted in a decision that is based on an unreasonable determination of the facts.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's petition for the writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record

S:\Odd\2003\03-cv-1829.deny 2254.wpd