UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH DARITY,

    Petitioner,

vs.                                           Case No. 8:03-CV-1829-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 54) of the July 9, 2009 decision denying Ground Four of his petition for relief under 28 U.S.C. § 2254. The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 55). Petitioner did not pay the appellate filing fee and costs or seek leave to proceed on appeal *in forma pauperis*.

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or statewhy a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

The Court denied Petitioner's Ground Four on the merits (Dkt. 52).  While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Petitioner has failed to make this threshold showing.  *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's construed motion for issuance of a certificate of appealability (Dkt. 55) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Petitioner pro se
Counsel of Record

2